United States District Court
Southern District of Texas

**ENTERED**

March 09, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARIKA TOOMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-04156 |
| | § | |
| MARTIN O'MALLEY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are United States Magistrate Judge Richard W. Bennett's Memorandum and Recommendation filed on January 23, 2026 (Doc. #17) and Plaintiff Charika Toomer's ("Plaintiff") Objections (Doc. #18). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the Memorandum and Recommendation, Plaintiff's Objections, and applicable legal authority, the Court adopts the Memorandum and Recommendation as this Court's Order.

Plaintiff filed this action on October 22, 2024, alleging that former Social Security Administration Commissioner Martin O'Malley (the "Commissioner") improperly denied her application for disability insurance benefits, with a disability onset date of March 23, 2018. Doc. #1. Plaintiff seeks judicial review under 42 U.S.C. § 405(g), challenging the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination and evaluation of medical opinion evidence. Doc. #9. Following administrative proceedings, on February 16, 2024, ALJ David Gutierrez determined Plaintiff was not disabled at Step Five of the five-step sequential

evaluation.[1]  Doc. #17 at 2.  On February 28, 2024, the Appeals Council remanded, directing the ALJ to "further consider the claimant's maximum [RFC] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations."  *Id.* at 3.  On remand, ALJ Ross Stubblefield held a new hearing and again determined Plaintiff was not disabled as defined under the Social Security Act.  *Id.* at 4.  The Appeals Council denied review on August 26, 2024, rendering the ALJ's decision the Commissioner's final decision.  Doc. #17 at 4–5.  In his Memorandum and Recommendation, Magistrate Judge Bennett recommends the Court affirm the Commissioner's decision.  Doc. #17.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner applied proper legal standards.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion"—more than a scintilla but less than a preponderance.  *Perez*, 415 F.3d at 461.  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Taylor*, 706 F.3d at 602 ("Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.").

In her first objection, Plaintiff argues the ALJ improperly formulated the RFC without relying on a functional medical opinion following the rejection of treating psychiatrist Dr. Dan

---

[1] The five-step evaluation process of a disability claim consists of: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.  *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

2

Beaudry's opinion. Doc. #18 at 2–4. An ALJ is not required to adopt or mirror any particular medical opinion; the RFC must be based on all relevant medical and non-medical evidence. *Thompson v. Soc. Sec. Admin.,* No. 23-30702, 2024 WL 1886757, at \*2 (5th Cir. Apr. 30, 2024); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). The ALJ's decision reflects consideration of treatment history, clinical findings, Plaintiff's response to medication, and evidence of Plaintiff's daily functioning and work activity. Doc. #17 at 8-10. Although Plaintiff identifies evidence that could support greater limitations, the Court may not reweigh conflicting evidence or substitute its judgment for that of the Commissioner when the decision is supported by substantial evidence. *Thomson,* 2024 WL 1886757, at \*2. Accordingly, this objection is overruled.

Plaintiff next argues the ALJ improperly rejected Dr. Beaudry's opinion by speculating about the need for inpatient treatment and by equating symptom improvement with sustained work capacity. Doc. #18 at 4–6. An ALJ may discount a medical opinion that conflicts with the record as a whole, and the RFC determination need not match any particular opinion. *See Mendoza v. Comm'r, Soc. Sec. Admin.,* No. 5:24-cv-055-BJ, 2025 WL 906225, at \*6 (N.D. Tex. Mar. 25, 2025) ("Given that an RFC determination is not required to match or mirror a medical opinion, the ALJ was permitted to develop an RFC that differed from the medical opinions provided while still being supported by substantial evidence."); *Bowling v. Shalala,* 36 F.3d 4341, 434 (5th Cir. 1994) (quoting *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988)). The ALJ's decision identifies specific inconsistencies between the extreme limitations Dr. Beaudry assessed and contemporaneous treatment records reflecting medication improvement and functional activity that was inconsistent with those extreme limitations. Doc. #17 at 8–10. Because the evaluation of the opinion evidence is supported by substantial evidence, this objection is overruled.

Plaintiff also argues the ALJ failed to comply with the Appeals Council's remand directive and SSR 96-8p's requirement to include a narrative discussion linking evidence to each assessed limitation. Doc. #18 at 6–7. SSR 96-8p requires a logical, evidence-based explanation sufficient to permit meaningful judicial review—it does not mandate reliance on any particular medical opinion or format. *Jenkins v. Saul,* No. CV H-19-3831, 2021 WL 3831988, at *4 (S.D. Tex. Mar. 24, 2021). The ALJ's decision on remand addresses treatment records, opinion evidence, and daily activities with sufficient specificity to support the assessed non-exertional limitations and to permit meaningful review. Doc. #17. This objection is overruled.

Plaintiff further contends remand is required under *Ripley v. Chater* because the RFC was formulated without a supporting medical opinion. Doc. #18 at 7–8; 67 F.3d 552 (5th Cir. 1995). *Ripley* requires remand only where the record lacks medical evidence describing the claimant's functional capacity—a narrow circumstance triggered by an evidentiary gap, not a disagreement over how the ALJ weighed available evidence. 67 F.3d at 557. The record here contained sufficient medical and functional evidence for the ALJ to evaluate Plaintiff's limitations. *See* Doc. #17. Plaintiff's disagreement concerns evidentiary weight, not an absence of evidentiary support. This objection is overruled.

In her final objection, Plaintiff argues she was prejudiced by the rejection of Dr. Beaudry's opinion because, had it been credited, vocational testimony could have supported a disability finding. Doc. #18 at 8–9. Remand for procedural error is warranted only where the claimant demonstrates a reasonable probability that the error affected the outcome. *Avery v. Colvin,* 605 F. App'x 278, 283 (5th Cir. 2015); *Jan v. Astrue,* 400 F. App'x 929, 932–33 (5th Cir. 2010). Because the RFC determination and evaluation of opinion evidence are supported by substantial evidence,

4

Plaintiff cannot show that a different outcome would have resulted. This objection is likewise overruled.

Finally, to the extent Plaintiff's objections raise new legal theories or causes of action not previously asserted in her Complaint or in briefing before Judge Bennett, those arguments are not properly before the Court and will not be considered. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (noting that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge").

In conclusion, the Court adopts the Memorandum and Recommendation (Doc #17) as its Order. Accordingly, Defendant Commissioner's Motion for Summary Judgment (Doc. #15) is GRANTED, the Commissioner's decision is AFFIRMED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a Final Judgment disposing of all claims of all parties. The Clerk of Court is DIRECTED to close this case.

It is so ORDERED.

**MAR 0 6 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5